UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE: )
)
Chandra Lynette Dalton, )
) Case No. 09-12024
)
Debtor. )
)

MEMORANDUM OPINION

This case came before the court on December 8, 2009, for a hearing on a motion for an order denying the above-referenced Debtor's discharge, filed by the United States Bankruptcy Administrator ("BA"). Robyn C. Whitman appeared on behalf of the BA and Anita Jo Kinlaw Troxler, the Chapter 13 Trustee, appeared. At the hearing, the court granted the motion. This opinion further discusses the basis for that decision.

I. JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J), which this court has the jurisdiction to hear and determine.

II. FACTS

On August 24, 2007, the Debtor filed a prior chapter 13 case, Case Number B-07-11183, in the United States Bankruptcy Court for

the Middle District of North Carolina. On June 25, 2009, the case was voluntarily converted to one under chapter 7. On October 1, 2009, the Debtor received a discharge.

Then, on October 23, 2009, two years and sixty days after the Debtor filed her first chapter 13 case, the Debtor filed this case, also under chapter 13. The BA then filed the motion at issue, arguing that the Debtor was ineligible for a discharge under 11 U.S.C. § 1328(f).

### III. DISCUSSION

The issue presented is whether, under section 1328(f), the Debtor is ineligible for a discharge. Section 1328(f) states:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge-
>
> > (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> >
> > (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f).

In determining the applicable periods under section 1328(f), the court should measure from filing date to filing date. See In re Bateman, 515 F.3d 272, 280 (4th Cir. 2008) ("the plain language of § 1328(f) supports a 'filing date to filing date' interpretation"). Since approximately two years and two months

elapsed between filings, the Debtor will only be denied a discharge under section 1328 if the four year look-back period applies.  The BA argued that the four year period should apply because the Debtor converted her initial chapter 13 case to a chapter 7 case, and ultimately received a discharge under chapter 7.

There are two approaches to how conversion of a case affects the look-back period under section 1328.  The vast majority of courts have concluded that the application of section 1328(f) is determined by the chapter under which a discharge was actually entered.  See <u>Grice v. WE Energies (In re Grice)</u>, 373 B.R. 886, 888 (Bankr. W.D. Wis. 2007) (holding that the four year look-back applied when the first bankruptcy case had been converted to chapter 7, even though it was originally filed under chapter 13); <u>In re Ybarra</u>, 359 B.R. 702 (Bankr. S.D. Ill. 2007) (same); <u>McDow v. Sours (In re Sours)</u>, 350 B.R. 261, 268 (Bankr. E.D. Va.2006) (same); <u>McDow v. Capers (In re Capers)</u>, 347 B.R. 169, 171-72 (Bankr. D.S.C. 2006) (same); <u>In re Knighton</u>, 355 B.R. 922 (Bankr. M.D. Ga. 2006) (same); <u>In re Grydzuk</u>, 353 B.R. 564 (Bankr. N.D. Ind. 2006) (same).  However, one court found that a plain reading of the statute lead to the conclusion that the relevant look-back period was determined by what chapter the first case was originally filed under.  See <u>In re Hamilton</u>, 383 B.R. 469 (Bankr. W.D. Ark. 2008) (holding that the two year look-back period applied when the first bankruptcy case was originally filed under chapter 13, even

though it was later converted to chapter 7).

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." <u>Davis v. Michigan Dept. of Treasury</u>, 489 U.S. 803, 809 (1989). In this case, the proper application of section 1328(f) is clear when read in conjunction with section 348(a), which states:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title **constitutes an order for relief under the chapter to which the case is converted**, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a) (emphasis added).

Thus, under section 348(a), when a debtor converts a chapter 13 case to a chapter 7 case, it "constitutes an order for relief under" chapter 7, retroactively effective as of the date of the filing of the chapter 13 case. Therefore, this Court holds that when a debtor's prior case was converted from chapter 13 to chapter 7, and a discharge was granted under chapter 7, the prior case will be treated as "filed under" chapter 7 for purposes of section 1328(f).

## IV. CONCLUSION

Under 11 U.S.C. § 348(a), the Debtor's first bankruptcy case was "filed under" chapter 7. Therefore, the four year look-back period under section 1328(f)(1) applies. Since the Debtor received

her first discharge within the four year period, she is not entitled to receive a discharge in this case and the court will enter an order denying her discharge.

This 7th day of January, 2010.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge